**BANK OF DEARBORN, Plaintiff-Appellee,**

v.

**MANUFACTURERS NATIONAL BANK OF DETROIT, Defendant-Appellant.**

**BANK OF DEARBORN, Plaintiff-Appellee,**

v.

**James J. SAXON, as Comptroller of the Currency of the United States, Defendant-Appellant.**

**Nos. 16912, 16913.**

United States Court of Appeals
Sixth Circuit.

May 24, 1967.

Carson C. Grunewald, Detroit, Mich. (Bodman, Longley, Bogle, Armstrong & Dahling, Henry C. Bogle, Detroit, Mich., on the brief), for appellant Manufacturers Nat. Bank.

Walter H. Fleischer, Atty., Dept. of Justice, Civ. Div., Washington, D. C. (John W. Douglas, Asst. Atty. Gen., David L. Rose, Frederick B. Abramson, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellant James J. Saxon.

Wilber M. Brucker, Jr., Detroit, Mich. (Brucker & Brucker, Wilber M. Brucker, Detroit, Mich., on the brief), for appellee.

Before EDWARDS and CELE-BREZZE, Circuit Judges, and NEESE,* District Judge.

* Honorable C. G. Neese, District Judge for the Eastern District of Tennessee, sitting by designation.

EDWARDS, Circuit Judge.

We deal here with two appeals by defendants from the grant of permanent injunctions by a United States District Judge in the Eastern District of Michigan restraining what he viewed as the establishment of a new branch bank by defendant Manufacturers National Bank of Detroit in the city of Dearborn, Michigan.

Basing his decision primarily upon the Michigan statute restricting branch banking, Mich.Stats.Ann. 23.762, Comp.Laws 1948, § 487.34, the District Judge held that the "move" authorized by the defendant Comptroller actually had the effect of granting Manufacturers National Bank another branch in Dearborn in violation of the Michigan Branch Banking Statute and the National Bank Act, 12 U.S.C. § 36(c).

In 1953, appellee Bank of Dearborn was granted a state charter for its principal office in the city of Dearborn. Prior to 1953 (and at the time of the events we deal with here in 1962), Manufacturers National Bank had six branch banks operating in the city of Dearborn. The Michigan Branch Banking Statute (at that time and now) prohibited new branches to any "outside" state bank in any city where a state or national bank had its principal office.

On December 7, 1962, Manufacturers National Bank proposed to the Comptroller the establishment of a new branch just outside the city line of the city of Dearborn in Dearborn Township, a block and a half south from where it then had in operation its Telegraph-Carlysle branch in the city of Dearborn. Contingent upon the approval of this new branch in Dearborn Township, Manufacturers then proposed to "move" the Telegraph-Carlysle branch a mile and a half to still another location at Michigan Avenue and Outer Drive adjacent to a new shopping center in the city of Dearborn. Although the entire scheme was clearly outlined to the Comptroller (as was its rationale as a means of avoiding the effect of "the antiquated banking laws" of the State of Michigan), the Comptroller approved both of these proposals.

The District Judge, after full hearing, found that the two proposals (each of which could have been legally accomplished separately) together represented an evasion or subterfuge approaching fraud. He held that the "move" was the move from Telegraph and Carlysle to Dearborn Township, and that the "establishment of a new branch" was actually what was being contemplated at the Michigan and Outer Drive location in the city of Dearborn. He thereupon determined that the Comptroller had abused his discretion in authorizing the establishment of this new branch under the guise of a move.

Appellant argues that the Comptroller, under 12 U.S.C. § 36(c) and (e) (1964) had specific authority to permit the move, regardless of Michigan law. He also argues that Mich.Stats.Ann. 23.762 allows the move which has been made. He also argues that the record contains substantial evidence to uphold the Comptroller's findings of fact pertaining to the move, and in this regard cites and relies upon Community National Bank of Pontiac v. Saxon, 310 F.2d 224 (C.A.6, 1962).

Appellee, of course, agrees with the District Judge that the two proposals taken together represented subterfuge and evasion of Michigan law, and that the Comptroller abused his discretion in approving them.

As to the standard of review, appellee contends that we are principally concerned with whether or not the District Court's findings are "clearly erroneous," and in that regard relies upon a recent decision, Peoples Bank of Trenton v. Saxon, 373 F.2d 185 (C.A.6, 1967).

Reference at this point to two excellent published opinions will serve to decrease the length of this one. The first is the opinion of the United States District Judge, Judge Talbot Smith, writing in this same case in Bank of Dearborn v. Saxon, 244 F.Supp. 394 (E.D.Mich.1965). The second is an opinion by Judge Clifford O'Sullivan, of the United States Court of Appeals for the Sixth Circuit,

American Bank and Trust Co. v. Saxon and Dart National Bank of Mason, 373 F.2d 283 (C.A.6, 1967). In both opinions the respective courts took a dim view of Comptroller Saxon's efforts to evade the effect of Michigan's declared antibranch bank policy. We concur.

As we have noted, the state of Michigan has a statute (Mich.Stats.Ann. 23.-762) which prohibits the extension of branch banking by state banks. The United States Congress, in dealing with the problem of branch banking for national banks, elected to recognize and follow such state laws. (12 U.S.C. § 36(c)); First National Bank of Logan, Utah v. Walker Bank & Trust Co., 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966).

It appears from the facts of this case and the very similar recent case, American Bank and Trust Co. v. Saxon, supra, that the present Comptroller of the Currency of the United States does not approve of the restrictive character of the Michigan statute referred to. Whether he is right or wrong in his view in relation to banking policy, we believe that his power to authorize new branches for national banks is clearly limited by the present federal statute to situations where:

"(2) * * * [S]uch establishment and operation are at the time authorized to State banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks." 12 U.S.C. § 36(c) (2).

We also agree with our colleagues in American Bank and Trust Co. v. Saxon, supra, at 291 of 373 F.2d and the District Judge in this case (see Bank of Dearborn v. Saxon, supra, 244 F.Supp. at 398) that it is not legally permissible for the defendants herein to amend the Michigan branch banking restrictions "by clever devices of evasion."

The factual record developed before the United States District Judge contains substantial evidence to support his conclusions that Manufacturers' request for authority to "establish" a "new" branch in Dearborn Township was actually a request to "move" the Telegraph-Carlysle branch just over the Dearborn line to a location where it could continue to serve its previous customers.[1] The record also contains substantial evidence to support the United States District Judge's conclusion that the request for authority to "move" the Telegraph-Carlysle branch to the area of the new shopping center at Michigan Avenue and Outer Drive was really the establishment of a new branch in the city of Dearborn. Although this fact is by no means the only one supporting the District Judge's view, it is interesting to note that appellant's own application made clear that it intended the Dearborn Township location to serve the area formerly served by the Telegraph-Carlysle branch.

On December 7, 1962, Manufacturers made application to the Comptroller's office for permission to establish a new branch in the vicinity of S. Telegraph Road and Lehigh, Dearborn Township, outside the city of Dearborn, and, contingent upon approval thereof, to move its existing Telegraph-Carlysle branch in the city of Dearborn to a new location in Dearborn in the vicinity of Michigan and Outer Drive. As the letter accompanying the application explained:

"Briefly, we plan to establish a new branch in the vicinity of Telegraph and Lehigh which is only ⁴⁄₁₀ of a mile south of the Telegraph-Carlysle office but in a different Community. *The new office, if approved, will be in a position to serve the Telegraph-Carlysle area.* Then we propose to vacate the Telegraph-Carlysle office in Dear-

---

1. The approval of the Dearborn Township branch by the Comptroller was granted December 31, 1962. This office is in operation. The instant complaint did not seek any relief as to this action. The District Court order appealed from enjoined only the proposed "move" within the city of Dearborn to the Michigan Avenue-Outer Drive site.

born and move to Michigan and Outer Drive, Dearborn.

"The move from the Telegraph-Carlysle office to Michigan and Outer Drive is approximately 1$\frac{9}{10}$ miles north. * * *" (Emphasis added.)

The District Judge's findings of fact from the evidence compiled before him at trial were—as we see the matter—entirely consistent with appellant's original proposals to the Comptroller quoted above. They certainly were not "clearly erroneous." Rule 52(a) Fed.R.Civ.P.

The District Judge's review of the Comptroller's action was made under the standard of the Administrative Procedure Act, 5 U.S.C. § 1009. We agree that this record discloses "an abuse of discretion" in defendant Comptroller's grant of the disputed certificate of authority to defendant Manufacturers National Bank of Detroit.

For the reasons outlined above and those set forth in more detail in the opinion of the District Court, Bank of Dearborn v. Saxon, supra, we affirm the District Court decree.