**METROPOLITAN NATIONAL BANK OF FARMINGTON, a National Banking Association, Plaintiff,**

v.

**William B. CAMP, Comptroller of the Currency, and National Bank of Detroit, a National Banking Association, Defendants.**

Civ. A. No. 30504.

United States District Court
E. D. Michigan, S. D.

March 1, 1968.

Edward B. Emery, Emery & Bahr, Birmingham, Mich., William H. Merrill (co-counsel), Detroit, Mich., for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., Harland F. Leathers, John E. Shockey, Kirtley M. Thiesmeyer, Attys., Dept. of Justice, Washington, D. C., C. Westbrook Murphy, Washington, D. C. (of counsel), Director of Litigation, Office of the Comptroller of the Currency, for defendant William B. Camp.

Robert E. McKean, Patrick J. Ledwidge, George B. Martin, Jr., Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for defendant National Bank of Detroit.

## OPINION

LEVIN, District Judge.

This is an action for a declaratory judgment and injunctive relief by the Metropolitan National Bank of Farmington challenging the validity of the approval by defendant Comptroller of the Currency of defendant National Bank of Detroit's application to move one of its offices in Farmington, considered by the defendants to be a branch, to another location within that city. Plaintiff has

moved for a temporary injunction and defendants have moved for summary judgment.

In 1956 defendant National Bank of Detroit acquired the Farmington State Bank and the fee of the premises it occupied in the City of Farmington, Michigan at 33335 Grand River Avenue, which is at the corner of Farmington Road. The Comptroller of the Currency issued to it Branch Certificate No. 3808A. Sometime before 1962, the defendant acquired the adjoining premises at 33329 Grand River Avenue, and installed an office and two teller windows available for both inside service and sidewalk service.

On July 18, 1962 the Comptroller issued Certificate No. 6589A to the defendant bank authorizing a second location in Farmington on Grand River Avenue approximately 900 feet from the first branch. The bank opened operations in this second location in a trailer and later that year moved this trailer with the authorization of the Comptroller to a Farmington Road location, also approximately 900 feet from the first branch.

In October 1962 the Comptroller authorized the plaintiff, Metropolitan National Bank of Farmington, to open as a local bank and it commenced business in January 1963 at 33205 Grand River Avenue, approximately 300 feet from the first branch of the defendant bank.

In 1964 the Comptroller of the Currency authorized the defendant bank to move its second branch (Certificate No. 6589A) from its trailer location to a large new building across the street at 23309 Farmington Road. At the time of this move, the defendant bank ceased doing business in the main building of its first branch at 33335 Grand River Avenue and with the approval of the Comptroller changed the address on Certificate No. 3808A, applicable to the first branch, to 33329 Grand River Avenue, the address of the walk-up window facility. This facility has since been called the "Annex".

On June 9, 1967 defendant bank applied for authority to close the "Annex" and move it nine-tenths of a mile to 31806 Grand River Avenue. Plaintiff objected in writing to the defendant Comptroller of the Currency and obtained a hearing in the matter at the regional office of the Comptroller in Chicago, where it presented its objections along with supporting exhibits.

On October 13, 1967 the Comptroller approved the application of the defendant bank. Immediately upon notification that the defendant had commenced operations at the new location, plaintiff filed this action to have the decision of the Comptroller set aside. An application for a restraining order was denied and defendants were ordered to show cause why a temporary injunction should not issue. Defendant bank through its counsel gave an undertaking to the court that pending determination of the motion for temporary injunction, it would not expand its facilities or services at the contested location.

The scope of review in this case is limited by the Administrative Procedure Act to a determination whether that decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706.

The National Bank of Detroit could not have established a new branch in Farmington in 1967 or at any time after the plaintiff began operations because of the provisions of the Michigan Financial Institutions Act, C.L.1948, § 487.34, M.S.A. § 23.762. This Act provides, in part, that:

"Any bank having a capital of at least $50,000.00 may, with the written approval of the commission, establish and operate a branch or branches within a village or city other than that in which it was originally chartered * * * Provided further, That *no such branch shall be established in a city or village in which a state or national bank or branch thereof is then in operation:* * * * *" (Emphasis supplied)

The Comptroller would be acting without authority in approving a new branch since he is controlled by the provisions of 12 U.S.C. § 36(c), which makes the state statute binding upon him. However, he is given authority to approve moving an already existing branch bank by 12 U.S.C. § 36(e):

"(e) No branch of any national banking association shall be established or moved from one location to another without first obtaining the consent and approval of the Comptroller of the Currency."

The basic issue in this case is whether the relocation of the office of defendant bank from its location at 33329 Grand River Avenue to a new location at 31806 Grand River Avenue was a move of an existing branch or, as plaintiff asserts, the establishment of a new branch.

Plaintiff contends that the "Annex" at 33329 Grand River was not a "branch" within the meaning of the statute, but was in effect part of the defendant's second branch on Farmington Road, just as it had been part of the office next door when that office was in operation.

■■■ It is true, as plaintiff maintains, that the retention of two separate certificates for these two addresses is not conclusive as to the existence of two independent branches. But I cannot say that the Comptroller's finding that the "Annex" was in fact a branch within the meaning of the statute was an abuse of discretion. Nor can I say that the banking activities there were insufficient to meet the statutory definition of a branch: "any branch bank, branch office, branch agency, additional office, or any branch place of business * * * at which deposits are received, or checks paid, or money lent." 12 U.S.C. § 36(f). There was evidence that deposits were received and checks paid and applications received for loans. Cf. Jackson v. First National Bank of Valdosta, 246 F.Supp. 134 (M.D.Ga.1965).

Plaintiff maintains that even if the "Annex" was a branch, the opening of the office at 31806 Grand River Avenue did not constitute a "move" of this branch because it is in a newly developed area nine-tenths of a mile from the "Annex" and is unlikely to attract the "Annex" customers and because services and facilities offered at this new office are superior to those at the "Annex".

The controlling Federal Statute, 12 U.S.C. § 36(e), supra, does not define a "move", nor provide standards by which the Comptroller is to rule on requests for moving branch banks. The plaintiff asserts that the case of Bank of Dearborn v. Saxon, 244 F.Supp. 394 (E.D. Mich.1965), aff'd 377 F.2d 496 (6th Cir. 1967) provides the necessary criteria and is controlling. In the *Dearborn* case, the Manufacturers National Bank received approval on two simultaneous applications from the Comptroller. One application was to move a branch in Dearborn, Michigan from a Carlysle Street location to a new location 1.3 miles away at Michigan Avenue and Outer Drive in Dearborn. The other was to establish a new branch approximately two blocks from the Carlysle Street branch, but outside the city limits of Dearborn in Dearborn Township. Judge Talbot Smith of this District Court held the Comptroller abused his discretion in approving the applications.

Judge Smith defined the term "move" as used in banking circles as "the actual physical transport of the usable equipment and the customer account records from the old location to the new, so far as is reasonably compatible with the new location and the possibly newly-constructed building. At least it means taking the bulk of the customer's accounts along." 244 F.Supp. at 397. From the evidence, he concluded, it was "perfectly clear that the defendant bank expected most of its old neighborhood customers [Carlysle Street] to stay in the neighborhood with the [Dearborn Township] branch, not to travel with it on its 'move'" and that "defendant Saxon [the Comptroller] was aware of all this" 244 F.Supp. at 398. He then went on to find that the Manufacturers National Bank had not moved its Carlysle Street

branch to the Michigan Avenue-Outer Drive location, and opened a "new" branch in Dearborn Township. It had actually moved the Carlysle Street branch to Dearborn Township and established a new branch at Michigan Avenue and Outer Drive.

In the instant case the Comptroller could have determined from the evidence presented by the defendant bank that a substantial number of the people accustomed to banking at the "Annex" would continue to bank at the new Grand River Avenue location. And while it is apparent that the new facility is physically superior to the "Annex" and may offer more complete banking services to its customers, the discretion of the Comptroller is not circumscribed by a requirement that a relocated branch must serve its customers in the same way as it did before the move.

In Bank of Dearborn v. Saxon, the two applications were contingent upon each other. The Manufacturers National Bank stated to the Comptroller that it made the two proposals together because "existing antiquated state banking regulations will not permit us to open another branch in the City of Dearborn." 244 F.Supp. at 396. In the words of the Court of Appeals, the two simultaneous applications "together represented an evasion or subterfuge approaching fraud." 377 F.2d at 497.

Here there was only one application to be dealt with by the Comptroller and the record does not indicate any misapplications of the proper considerations. There is no merit to the position of the plaintiff that the Comptroller's approval of 1967, which is here attacked, should be considered together with his approval of the defendant bank's 1964 applications, and that when so considered, these actions present a case of sham, subterfuge

and deception similar to what was found in the *Dearborn* case.

Plaintiff says that in 1964 when the National Bank of Detroit opened the new Farmington Road office and closed the large bank building at 33335 Grand River Avenue, it was actually transferring its banking operations from the old office to the new one; that by retaining the "Annex" there, the National Bank of Detroit improperly retained the use of Certificate No. 3808A for an office which was no longer necessary and which was not actually an independent branch, solely for the purpose of using the certificate at some future time to open a new branch elsewhere in Farmington.

As stated earlier, I am satisfied that the Comptroller did not abuse his discretion in finding that the "Annex" was a branch within the contemplation of the banking laws at all times between 1964 and 1967. I am not in a position to say that the National Bank of Detroit was in bad faith in retaining this "Annex" or that by so doing it attempted to evade the plain language or the intent of the legislation. Nor can I find from the evidence that the Comptroller abused his discretion in allowing the "Annex" to do business under Certificate No. 3808A, or in allowing the transfer of the certificate to the branch at 31806 Grand River Avenue.

The plaintiff's motion for preliminary injunction is denied and the defendants' motion for summary judgment is granted.

In the event notice of appeal is filed, the undertaking given by the defendant bank to the court not to expand its facilities or services at 31806 Grand River Avenue shall remain in effect until it is relieved from such undertaking by the reviewing court.