AMERICAN FIDELITY BANK &
TRUST CO. et al., Plaintiffs,

v.

FIRST NATIONAL BANK & TRUST
CO. OF CORBIN, KY. et al.,
Defendants.

Civ. A. No. 80-71.

United States District Court,
E. D. Kentucky,
London Division.

April 9, 1981.

Stewart L. Prather, Thomas W. Bullitt, Richard W. Iler, Wyatt, Combs & Bullitt, Louisville, Ky., for American Fidelity.

Andrew J. Palmer, Frankfort, Ky., for Williams and Com.

Patrick H. Molloy, U. S. Atty., Lexington, Ky., for Heimann.

G. Lee Langston, Stoll, Keenon & Park, Lexington, Ky., for First Nat. Bank.

## MEMORANDUM

SILER, District Judge.

The only question to be decided in this case is whether Kentucky law, specifically KRS 287.180(2), allows a bank to open a branch in the same city as its principal office, but in a different county. General multicounty branching is not at issue under the facts of this case.

The city of Corbin, Kentucky, lies primarily within Whitley County, but in recent years, most business and population growth has been in the northern part of the city, which spills over into Knox and Laurel counties. It is incorporated in both Whitley and Knox counties, but not Laurel County.[1] The principal office of the defendant, First National Bank & Trust Company of Corbin, Kentucky (hereinafter "First National"), is located in downtown Corbin, Whitley County. It seeks to open a branch bank in Corbin's Trademart Shopping Center, which is approximately one and a half miles from its principal downtown office. The proposed new branch would lie within the Cor-

---

1. KRS 81.010. Contrary to the position taken by the plaintiffs, if First National is allowed to open this branch, it would have no effect on its authority to open a branch in Laurel County, unless Corbin later annexes territory there. In the meantime, the legislature might even amend this statute (KRS 287.180) to forbid branches outside the county where the principal office is located.

bin city limits, but in Knox County. Codefendant, John G. Heimann, Comptroller of the Currency of the United States, approved First National's branch application. Plaintiff American Fidelity Bank & Trust Co. is a rival bank which has (or expects to have) its main office in the unincorporated section of Knox County, just across the road from the Corbin city limits and next to the Trademart Shopping Center. Plaintiff John L. Williams, Jr. is the Kentucky Banking Commissioner who asserts a bank cannot have a branch outside the county where its principal office is located.

In this lawsuit, the plaintiffs seek to challenge defendants' actions as violating 12 U.S.C. § 36(c), which incorporates by reference the relevant state law,[2] in this instance KRS 287.180(2). The relevant sections of these statutes read as follows:

A national banking association may, with the approval of the Comptroller of the Currency, establish and operate new branches: (1) Within the limits of the city, town or village in which said association is situated, if such establishment and operation are at the time expressly authorized to State banks by the law of the State in question; and (2) at any point within the State in which said association is situated, if such establishment and operation are at the time authorized to State banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks. [12 U.S.C. § 36(c)]

Any corporation presently or hereafter engaged in the business of banking, and meeting the requirements of this subsection, may apply to the commissioner of banking and securities for permission to establish, within the city in which its principal office is located and, subject to the limitation hereinafter imposed, within the county in which its principal office is located a branch at which all of the powers conferred in subsection (1) of this section may be exercised. [KRS 287.-180(2)]

Both sides in this action agree that these are the controlling statutes. However, they disagree as to the proper interpretation of KRS 287.180(2). Plaintiffs contend that the statute absolutely forbids the First National Bank of Corbin to establish a branch bank in Knox County, since its principal office is in Whitley County. Defendants contend that the statute allows establishment of a branch anywhere in a bank's principal city, regardless of county boundaries. The Kentucky Commissioner of Banking interpreted the statute in the same fashion as defendants in an informal telephone conversation, but after further study of the question he issued a written opinion adopting the plaintiff bank's position. There is no reported opinion by a state court construing the pertinent section of the statute.

In such a situation, federal banking administrators are obligated to follow the language of the state statute in question, giving due consideration to the rulings of state banking officials. *See Bank of Dearborn v. Saxon,* 244 F.Supp. 394 (E.D. Mich.1965), *aff'd,* 377 F.2d 496 (6th Cir. 1967). The administrative record indicates that after considering the position of the state banking officials, the Comptroller's office decided that it was not supported by the language of the statute. After a consideration of the language of the statute in question, and the undisputed facts of this case, while also giving due deference to the Kentucky Banking Commissioner's interpretation of the law,[3] this Court is of the

---

2. 12 U.S.C. § 36(c) is popularly known as the McFadden Act. The underlying policy is that of "competitive equality": national banks are to compete with state banks on an equal basis, so the law regulating national banks incorporates by reference certain state statutory restrictions on state-chartered banks.

3. While plaintiffs urge the Court to give great weight to the interpretation and administration of the Kentucky banking law by the Commissioner of Banking, there is nothing in the record to show that the Commissioner's Office ever denied to a state chartered bank the right

opinion that the Comptroller's decision is correct.

The language of KRS 287.180(2) is unambiguous. The language "within the city in which its principal office is located" is clearly sufficient to authorize establishment of the branch sought in this case. This is the first option which the state grants to a bank. The second option is described in another section: (2)(b), where it authorizes branches outside a principal city but within the same county, if certain requirements are met. However, the defendant in this case does not need to rely on the additional powers granted in the second phrase, since it only seeks to operate within its principal city. The word "and" in the statute is used to link the two powers or options available to a bank seeking to establish a branch, not to link two distinct requirements.

Plaintiffs contend that the statute should be interpreted as if it imposed two separate and distinct requirements on branches: that they be within the home bank's principal city and principal county. Two anomalies arise if the plaintiffs' interpretation is accepted. First, the words "within the city in which its principal office is located" would become meaningless. If this phrase were deleted from the statute, it would support plaintiffs' position. However, the statute does contain those words, and it should be interpreted to make them meaningful, if possible. Second, if the word "and" is interpreted in this case as imposing a second requirement, instead of listing a second power, then no bank could operate a branch outside its home city. There is no doubt that Kentucky banks can operate outside their home city, so long as the branches are within the county where the principal office is located. In fact, the plaintiff bank in this case opened a branch approximately nineteen miles away from its home city, with the acquiescence of the Kentucky banking authorities.[4]

In conclusion, the Court finds that the Kentucky Commissioner of Banking's position is not supported by a literal reading of the statutory language. Plaintiffs have not introduced adequate other evidence of legislative history or other means to show that the legislature intended something other than what was expressed. Plaintiffs have argued that the elimination of words in the statute in 1966 from language that provided a bank could open a branch within the city and county of its principal office "or in an adjacent county in which there is no existing bank" demonstrates their position that the legislature intended to keep banks from moving into another county. The Court disagrees. That deletion appears only to indicate the intent to keep banks out of adjacent counties in areas other than the city where the bank's principal office is located. Therefore, it must be assumed that the Kentucky General Assembly intended to allow branching within a municipality, regardless of county boundary lines. If there were a Kentucky appellate court opinion on point, it would control. *Springfield State Bank v. National State Bank of Elizabeth*, 459 F.2d 712, 719 (3d Cir. 1972).[5] In the absence of a state court judicial interpretation, the language of the statute controls. *First National Bank of Fairbanks*

---

to set up a branch within the same city but in a separate county. The general counsel's letter in the record says that this position is "consistent with the position of the Department in the past on this question." However, it is highly unlikely that it would ever have effected any banks other than those in Corbin, as it is the only city of the fifth class or larger (requiring a population of at least 1000, Kentucky Constitution § 156) which is located in more than one county. *See* KRS 81.010. Plaintiffs have given examples of several towns which are located in more than one county, but all are apparently cities of the sixth class (less than 1000) and are not likely to have principal offices of very large

banks. Plaintiffs have not indicated if there are bank branches in any of those towns.

4. It apparently received authority for the branch in the greater Corbin area when its location was outside the city limits, as KRS 287.180(2)(b) would seem to preclude it from coming into Corbin, where other banks then existed.

5. Perhaps this would be a suitable case, in the event there is an appeal, to request an interpretation of law from the Kentucky Supreme Court, pursuant to Rule 76.37, Kentucky Rules of Civil Procedure, by the Sixth Circuit.

*v. Comp,* 465 F.2d 586 (D.C. Cir. 1972), *cert. denied,* 409 U.S. 1124, 93 S.Ct. 936, 35 L.Ed.2d 255 (1973). *Cf. Greaves v. Mills,* 497 F.Supp. 283 (E.D.Ky.1980) (Secretary of State had erroneously interpreted Kentucky's election law, which was clear on its face). As explained above, the statutory language supports First National and the Comptroller. As there is no material factual dispute, summary judgment should be entered for the defendants. Rule 56, F.R. Civ.P.